```
 1                  IN THE UNITED STATES DISTRICT COURT
                       NORTHERN DISTRICT OF ILLINOIS
 2                           EASTERN DIVISION

 3


 4
    UNITED STATES OF AMERICA,              )  Docket No. 05 CR 70
 5                                         )
                       Plaintiff,          )
 6                                         )
              vs.                          )
 7                                         )
    BRODERICK JONES, et al.,               )  Chicago, Illinois
 8                                         )  June 7, 2006
                       Defendants.         )  10:30 o'clock a.m.
 9
                       TRANSCRIPT OF PROCEEDINGS
10              BEFORE THE HONORABLE RONALD A. GUZMAN

11  APPEARANCES:

12  For the Plaintiff:      HON. PATRICK FITZGERALD
                            United States Attorney
13                          BY:  MR. JOHN RAYMOND LAUSCH, JR.
                                 MR. BRIAN HAYES
14                          219 S. Dearborn St., Suite 500
                            Chicago, Illinois  60604
15
    For Defendant
16  Broderick Jones:        JACK P. RIMLAND, ATTORNEY AT LAW
                            BY:  MR. JACK P. RIMLAND
17                          820 West Jackson Boulevard, Suite 300
                            Chicago, Illinois  60607
18                          (312) 879-1785

19  For Defendant
    Darek Haynes:           HILL-McCLAIN & ASSOCIATES
20                          BY:  MS. JOAN ARTHETTA HILL-McCLAIN
                            33 North LaSalle Street, Suite 3300
21                          Chicago, Illinois  60602
                            (312) 739-9116
22
    For Defendant
23  Joseph Wilson:          MICHAEL D. KREJCI & ASSOCIATES
                            BY:  MR. MICHAEL D. KREJCI
24                          1770 Park Street, Suite 205
                            Naperville, Illinois  60563
25                          (630) 388-0600
```

```
 1  APPEARANCES (Cont'd):

 2  For Defendants
    Brent Terry and
 3  James Walker:            CHICAGO-KENT COLLEGE OF LAW
                             ILLINOIS INSTITUTE OF TECHNOLOGY
 4                           BY:  MR. RICHARD S. KLING
                             565 West Adams Street, Suite 600
 5                           Chicago, Illinois  60661
                             (312) 906-5050
 6

 7
    For Defendant
 8  Eural Black and          STEVEN RICHARD HUNTER, ATTORNEY AT LAW
    Stanley Driver:          BY:  MR. STEVEN RICHARD HUNTER
 9                           820 West Jackson Boulevard, Suite 310
                             Chicago, Illinois  60607
10                           (312) 466-9466

11

12

13

14

15

16

17

18

19

20

21

22

23  Court Reporter:          MS. CAROLYN R. COX, CSR, RPR, CRR
                             Official Court Reporter
24                           219 S. Dearborn Street, Suite 1854-B
                             Chicago, Illinois  60604
25                           (312) 435-5639
```

3

1      (The following proceedings were had in open court:)
2              THE CLERK:   05 CR 70, United States v. Jones et al.
3              THE COURT:   Let's find out if we've got the attorneys,
4    and then we will work on getting the defendants here.
5              MR. KLING:   Good morning, your Honor; my name is
6    Richard Kling.  I represent Mr. Brent Terry.  I'm also standing
7    up with the Court's permission for Robert Loeb.  Robert Loeb
8    indicated he's on trial and he'd like me to stand up for Mr.
9    Walker.
10             MR. RIMLAND:   Good morning, your Honor; I am Jack
11   Rimland, R-i-m-l-a-n-d, on behalf of Broderick Jones, your
12   Honor.
13             MS. HILL-McCLAIN:   Good morning, your Honor; Joan
14   Hill-McClain on behalf of Darek Haynes.
15             MR. KREJCI:   Good morning, Judge; Mike Krejci,
16   K-r-e-j-c-i.  I represent Joseph Wilson.
17             MR. HUNTER:   Good morning, your Honor; Steven Hunter
18   on behalf of Eural Black, who is present.
19             MR. LAUSCH:   Good morning, your Honor; John Lausch and
20   Brian Hayes for the United States, Judge.
21             THE COURT:   Okay.  Mr. Jones, Mr. Flagg?
22             MR. LAUSCH:   Mr. Flagg is not here, Judge.  He is
23   scheduled for a change of plea this afternoon at 3:00 o'clock.
24             THE COURT:   Mr. Haynes?
25             MR. LAUSCH:   He is present.

```
 1                THE COURT:  Mr. Black, Mr. Wilson?
 2                MR. KREJCI:  He is not here, Judge.  He is in route.
 3                THE COURT:  Mr. Walker, Mr. Montgomery?
 4                MR. LAUSCH:  Mr. Montgomery's case has been resolved
 5   by plea.
 6                THE COURT:  Mr. Driver?
 7                MR. LAUSCH:  Mr. Driver is in custody, and I actually
 8   did not see Mr. Pijon on here, who is his lawyer, Judge.
 9                THE COURT:  Mr. Terry?
10                MR. KLING:  That's me, Judge; Richard Kling for Mr.
11   Terry.
12                THE COURT:  Mr. Johnson?
13                MR. LAUSCH:  And Mr. Johnson has pled guilty already,
14   Judge.
15                MR. HUNTER:  Judge, I haven't spoken to Mr. Pijon, but
16   I'd be happy to fill in.  I have been in contact with him in
17   the past about this case and he stood up for me in the past.
18                THE COURT:  Very well.  Superseding indictment?
19                MR. LAUSCH:  That's right, Judge.  Have you -- I
20   provided a copy to counsel.  Do you have a copy?  I can provide
21   one.
22                THE COURT:  No, I don't.
23                MR. LAUSCH:  Would you like me to give you a copy?
24                THE COURT:  Please.
25                Okay.  So let's see if we can't get the defendants
```

1  down here to have the arraignment and the superseding
2  indictment, and I don't know, are there any other loose ends?
3          MR. LAUSCH:  Not that I am aware of, Judge, and we
4  have been talking with counsel throughout and trying to get the
5  case ready and resolved, if anyone else is going to be resolved
6  before trial.  We can talk now and see if there's any issues
7  before the arraignment that need to be brought up.
8          THE COURT:  Okay.
9          MR. RIMLAND:  Your Honor, this is Jack Rimland again
10 on behalf of Mr. Jones.  We are in a position where we are
11 asking that the government file their Santiago proffer.  We are
12 now about three months away from trial, and it certainly would
13 be very helpful, because we'd hate to come in here on the day
14 of trial and start dealing with some issues with regard to the
15 Santiago proffer that might have some implications as far as
16 the Crawford case is concerned, some of the hearsay issues.  We
17 don't know what's going to be presented at this point yet, but
18 we certainly would like to see it, and we think that this is an
19 ample time for the government to provide this to us.  I don't
20 know why it hasn't been, and I'm not sure -- I don't recall if
21 there were any dates scheduled for filing the Santiago proffer.
22 But, again, being that we are now less than three months away
23 from trial, I think that it would behoove --
24         THE COURT:  Gosh, I can remember when we were thankful
25 to get it three days before trial.  How things have changed.  I

```
 1  remember stacks of documents being dumped on my table, as I
 2  recall, during the course of trial.
 3           MR. RIMLAND:  I remember the days when transcripts of
 4  testimony using statements of witnesses were dumped on you as
 5  soon as the witness testified.  Those are unfair proceedings,
 6  though.
 7           THE COURT:  Let's -- we do have dates.  We did set
 8  dates.
 9           MR. LAUSCH:  We did.  We indicated that we would
10  provide the Santiago proffer three weeks before trial.  That's
11  what we indicated in our initial discovery letter.  We have no
12  problem with moving that date back a little bit.  Perhaps I can
13  sit down with counsel while we are waiting for defense lawyers
14  and see if we can come to a date that we can agree on.
15           THE COURT:  Three weeks is usually enough.  If you
16  think you are going to need more time for that for this
17  particular case, talk to the government.  I have to think that
18  they will have their proffer prepared in plenty of time and
19  they will probably accommodate you.  If not, raise the issue
20  again.  But you are not going to get it on the day of trial, I
21  can tell you that.  You will get it long before that.
22           MR. RIMLAND:  I would hope not.
23           THE COURT:  You will get it long before that.
24           Anything else?  Okay.  Let's take a break and see if
25  we can get the defendants down here.
```

1    MR. KLING:  Thank you, sir.
2    MS. McCLAIN:  Thank you, your Honor.
3    (Short break.)
4    THE CLERK:  05 CR 70, United States v. Jones, et al.
5    MR. KLING:  Judge, again for the record, my name is
6  Richard Kling.  I represent Mr. Brent Terry.  With the Court's
7  permission, I am standing up for Mr. Robert Loeb, who
8  represents Mr. Walker, and although Joan Hill-McClain was here
9  earlier, she asked that I stand up for her client as well.  She
10 had to leave to go to a trial at 26th and California.
11   THE COURT:  And she represents?
12   MR. LAUSCH:  Mr. Haynes.
13   MR. KLING:  Mr. Haynes, who is present.
14   THE COURT:  Mr. Haynes, Mr. Walker, and Mr. Terry are
15 here?
16   MR. KLING:  Yes.
17   MR. HUNTER:  Judge, for the record, Steven Hunter.
18 During the break, I spoke to Ray Pijon by telephone.  He
19 apologizes.  He thought that this case was up Monday.  I am
20 going to stand up for him.  I spoke to Stanley Driver, his
21 client, and explained what's going to happen.  I also represent
22 Eural Black.
23   THE COURT:  Mr. Black and Mr. Driver are both here?
24   MR. HUNTER:  Yes.
25   MR. RIMLAND:  Your Honor, Jack Rimland on behalf of

1  Mr. Jones.  Mr. Jones is present in court.

2      MR. KREJCI:  Your Honor, Mike Krejci, on behalf of

3  Joseph Wilson.  I just spoke to him.  He is about 10 minutes

4  away, Judge.  He was stuck in traffic on the Ryan.

5      THE COURT:  I have before me what's entitled the

6  superseding indictment.  Is there any defendant or defense

7  counsel who has not received a copy of the superseding

8  indictment?

9      MR. RIMLAND:  On behalf of Jones, your Honor, we

10  acknowledge receipt of the copy of the indictment.

11      MR. KREJCI:  Likewise for Mr. Wilson, Judge.

12      MR. KLING:  As to Mr. Brent Terry, whom I represent,

13  and as to Mr. James Walker, who is represented by Robert Loeb,

14  and Mr. Haynes, who is represented by Joan Hill-McClain, I

15  would acknowledge receipt of the superseding indictment, waive

16  formal reading, and each of those three defendants would enter

17  pleas of not guilty.

18      MR. HUNTER:  Judge, with respect to Eural Black,

19  Steven Hunter again, we have received copies of the indictment

20  and would enter a plea of not guilty, waive any reading.

21      With respect to Mr. Driver, Mr. Pijon confirmed that

22  he has a copy of the indictment, and we would also plead not

23  guilty as to him, although Mr. Driver, who is in custody, has

24  not received a copy of the indictment at this point.

25      THE COURT:  Waive formal reading?

1  MR. HUNTER: Waive formal reading.

2  THE COURT: Okay.

3  MR. RIMLAND: On behalf of Jones, your Honor, again,
4  Jack Rimland. I did not, but I will, meant to, enter pleas of
5  not guilty on behalf of Mr. Jones to the superseding indictment
6  being filed.

7  THE COURT: Okay. So all of the defendants have
8  entered pleas of not guilty, acknowledged receipt, waived
9  formal reading. Will the government please inform the
10 defendant of the maximum possible penalty under the superseding
11 indictment of 19 counts.

12 MR. LAUSCH: Yes, your Honor. There are multiple
13 counts in the indictment and they carry various penalties. For
14 the racketeering count with which Jones, Haynes, Black, Wilson
15 and Walker are charged, and with the drug conspiracy count, the
16 maximum penalty is life imprisonment. It's a mandatory minimum
17 of 10 years imprisonment on the drug count, a maximum fine of
18 $4 million, and a term of supervised release of at least five
19 years and up to life. For the -- and all seven defendants are
20 charged in the drug conspiracy count.

21 There's also a Hobbs Act conspiracy count which
22 carries the following penalties. All of the defendants except
23 for Driver are charged with that. A maximum of 30 years
24 imprisonment, maximum fine of $250,000, and a term of
25 supervised release of up to three years.

1         There are several additional counts in the indictment.
2    There are multiple drug -- attempting to possess with intent to
3    distribute drugs or actual possession with intent to distribute
4    of drugs, and those carry various penalties, your Honor, based
5    upon the amount of drugs.  I can go through all of those.
6    Suffice it to say that the maximum for any of those would be
7    life imprisonment.  That would be the amount of drugs that are
8    more than five kilograms of cocaine.  Two counts that that
9    relates to is Count 7 and Count 14.  And on those counts,
10   various individuals, including Broderick Jones, Eural Black,
11   Darek Haynes, Joseph Wilson, Stanley Driver, and Brent Terry
12   and James Walker are charged in various of those counts.
13        In addition, Judge, there are three substantive either
14   robberies or attempted robbery counts.  Those are Counts 5, 8
15   and 15.  Those carry the same penalties as the Hobbs Act
16   conspiracy.
17        Broderick Jones, Eural Black, Brent Terry, Darek
18   Haynes, and Joseph Wilson are charged with various substantive
19   counts.  Eural Black is also charged with possession of
20   marijuana on Count 17, which carries a penalty of maximum one
21   year imprisonment and a minimum fine of $1,000.  James Walker
22   is also charged with possession of a firearm by a felon in
23   Count 19.  That carries a maximum 10 years imprisonment, a
24   maximum fine of $250,000, and up to three years supervised
25   release.

1          Finally, all of the defendants, your Honor, with the
2    exception of James Walker, are charged with a 924(c) count, at
3    least one, that being possession of a firearm in furtherance of
4    a drug trafficking crime or a crime of violence.  Based upon
5    the facts here, the maximum penalty for those -- each of those
6    counts would be life, a maximum fine of $250,000.  Each of
7    those counts also carry statutory minimum penalties.  A
8    statutory minimum, based upon the facts in this case, it's the
9    government's position is a minimum of seven years for the first
10   924(c).  For each additional 924(c), there are -- it's a
11   minimum penalty of 25 years that must be served consecutive.
12   Jones is charged with five 924(c) counts; Haynes, Black, and
13   Wilson are each charged with two 924(c) counts; and Mr. Driver
14   and Mr. Terry are each charged with one.
15          THE COURT:  Thank you.  Is there anything else we need
16   to take up with respect to the defendants who are here?
17          MR. LAUSCH:  A couple of matters, Judge.  I don't know
18   if any -- I probably hesitate, I don't know if counsel plan on
19   filing any motions, but I think typically after a superseding
20   indictment, there's at least a time period for them to file any
21   motions based on the superseding indictment.  I don't know if
22   your wish is to set a schedule or not.
23          MR. KLING:  Judge, may I inquire through you, since I
24   haven't had an opportunity to study it, we just got it in the
25   last day or so, other than dropping defendants, is there any

1    significant change in the language of this indictment from the
2    previous indictment?
3              THE COURT:  I would be happy to pose that inquiry to
4    opposing counsel for you.  The trouble is, are you going to
5    rely on the answer?
6              MR. KLING:  I'll rely on the representation by the
7    government.  Obviously, I'll study the indictment, but at least
8    at this juncture, that may answer part of the problem.  If it's
9    the same charges with just less defendants, then obviously it
10   obviates the --
11             THE COURT:  For purposes of scheduling.
12             MR. LAUSCH:  There are additional charges as well.
13   There are less defendants.  There are additional charges, that
14   being there's -- all that was charged before was the drug
15   conspiracy and 924(c) counts.  So everything else, the
16   racketeering conspiracy, the Hobbs Act counts, any additional
17   counts are new, so there is additional language based upon
18   those.  As far as the kind of universe of facts, Judge, one
19   thing I can say to help counsel -- and if they have other
20   questions, they are more than free to call myself or my
21   partners on the case -- the time period on the drug conspiracy
22   count has gone back a little bit in time.  It initially began
23   in 2004, and now the charge for conspiracy goes back to 2002.
24   The racketeering conspiracy covers a time period of '99 up
25   through March of 2005, and the Hobbs conspiracy kind of fits

1  within there as well, so there is an expansion of the time
2  period as well.
3             MR. KLING:  And the quick response, Judge, is if I
4  could suggest setting a motion schedule.
5             THE COURT:  How much time do you want?
6             MR. KLING:  30 days, Judge, for filing.
7             THE COURT:  A 30-day date, please.
8             THE CLERK:  July 7th.
9             THE COURT:  15 for the response.
10            THE CLERK:  July 22.
11            THE COURT:  Time for reply.
12            THE CLERK:  August 1.
13            THE COURT:  Anything else?
14            MR. LAUSCH:  We talked about the Santiago proffer
15 issue, Judge.  We're willing to provide one earlier than three
16 weeks before, which is what the parties have discussed before.
17 My initial suggestion was going to be July 25th, and actually,
18 we will have a Santiago proffer by July 25th.
19            THE COURT:  Anything else?
20            MR. LAUSCH:  Another matter, which we have agreed to
21 do, Judge, is to provide counsel by the end of this month with
22 a preliminary list of the calls we plan to play at trial.  We
23 do so --
24            THE COURT:  A preliminary list of the --
25            MR. LAUSCH:  Of the calls, of the intercepted wire tap

```
 1   telephone calls we plan to play.  The only caveat with that,
 2   which I'm sure counsel would agree with is, to the extent we
 3   find some additional calls we want to play or some calls that
 4   we take off the list, that we not be prohibited from doing so
 5   by designating early, but we think it gives everyone a head
 6   start.
 7             THE COURT:  Any objections?
 8             MR. HUNTER:  No, Judge.
 9             MR. RIMLAND:  No.
10             THE COURT:  Anything else?
11             MR. LAUSCH:  We'll have to do Mr. Wilson's arraignment
12   when he gets here.
13             THE COURT:  Counsel, I have to ask you to wait around.
14   When your client gets here, we will do the arraignment.
15             MR. LAUSCH:  Your Honor, one other matter I think we
16   should take up, and I apologize, we would ask that time
17   continue to be excluded in the interest of justice and also
18   given the potential for new pretrial motions.
19             THE COURT:  Any objection from any of the attorneys
20   who are here?
21             MR. KLING:  No sir.
22             MR. HUNTER:  No, Judge.
23             THE COURT:  Counsel?
24             MR. RIMLAND:  I'm sorry.  No, your Honor.
25             THE COURT:  Time is excluded.
```

1    (Which were all the proceedings had in the above-entitled
2    cause on the day and date aforesaid.)
3    I certify that the foregoing is a correct transcript from the
     record of proceedings in the above-entitled matter.
4
5    _____            _____
     Carolyn R. Cox                            Date
     Official Court Reporter
6    Northern District of Illinois